[Cite as *State v. Rybak*, 2011-Ohio-2070.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 23938 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CRB-2167 |
| v. | : | |
| | : | (Criminal Appeal from Montgomery |
| DUSTIN RYBAK | : | County Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of April, 2011.

. . . . . . . . . . .

ROBERT B. COUGHLIN, Atty. Reg. #0003449, 130 West Second Street, Suite 800, Dayton,
Ohio 45402
    Attorney for Plaintiff-Appellee

JESSICA MOSS, Atty. Reg. #0085437, 2233 Miamisburg Centerville Road, Dayton, Ohio
45459
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}  Dustin Rybak appeals from his conviction and sentence following a bench trial

on one count of domestic violence, a first-degree misdemeanor.

**{¶ 2}** In two related assignments of error, Rybak contends his conviction is based on legally insufficient evidence and is against the manifest weight of the evidence.

**{¶ 3}** The present appeal stems from a December 2009 altercation between Rybak and his then-girlfriend, Emily Cook. At that time, Rybak and Cook shared an apartment. After a night out drinking, they became involved in an argument in the apartment. Cook testified that the argument continued into their bedroom, where Rybak "ends up getting on top of [her] and choking [her]" and hitting her in the face. According to Cook, she eventually pushed him off. Rybak responded by "throwing her" up against a mirror and shattering it. Cook testified that she picked up a shard of glass and cut Rybak several times in self defense. Rybak bit her finger to force her to drop the glass.

**{¶ 4}** For his part, Rybak testified and admitted that he and Cook were intoxicated on the night in question. He also admitted arguing with Cook. According to Rybak, the argument concerned the fact that he had been "cheating" on her. He testified that Cook started "flipping out," grabbed a shard of glass, and began stabbing him. Rybak denied choking or hitting her and claimed that the mirror had broken a week or two before the argument. He testified that after Cook began stabbing him, he threw several dining room chairs to slow her down and went outside.

**{¶ 5}** Police officer Cory Siegrist also testified at trial. He arrived at the scene with another officer and observed broken dining room chairs and a broken bedroom mirror inside the apartment. He also noticed that the bed covers were disheeveled. Officer Siegrist additionally saw a bite mark on Cook's finger, noticed red marks around her neck, and observed a "slight yellow like a bruise-type red mark" on her chin. The other officer at the

scene testified that he did not recall seeing any injuries to Cook. He added that he was not looking for injuries.

**{¶ 6}** Based on the evidence presented, the trial court found Rybak guilty of domestic violence, sentenced him to 180 days in jail, and imposed a $1,000 fine. The trial court ultimately stayed execution of the sentence after Rybak had served approximately two months in jail.

**{¶ 7}** As set forth above, Rybak's two assignments of error challenge the legal sufficiency and manifest weight of the evidence to support his conviction. When a defendant challenges the sufficiency of the evidence, he is arguing that the state presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Hawn* (2000), 138 Ohio App.3d 449, 471. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.

**{¶ 8}** Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "'clearly lost its way and created such a manifest miscarriage of justice that the conviction

must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶ 9} With the foregoing standards in mind, we conclude that Rybak's conviction is based on legally sufficient evidence and is not against the manifest weight of the evidence. In support of his insufficiency argument, Rybak claims the trial court erred in finding him guilty because Cook's testimony was not credible. He concedes that a victim's testimony, if believed, is legally sufficient to support a conviction. He stresses, however, that the trial court stated during trial that it found Cook not credible. As a result, he asserts that the record lacks sufficient *credible* evidence to support his conviction.

{¶ 10} Upon review, we find Rybak's argument to be unpersuasive. In determining whether the prosecution presented legally sufficient evidence, the issue is not whether Cook's testimony was unbelievable or whether the trial court should have believed it. Rather, the issue is whether Cook's testimony, if it is accepted as true, is sufficient to support his conviction. See, e.g, *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶79 (recognizing that an evaluation of witness credibility "is not proper on review for evidentiary sufficiency"). Rybak's argument that the trial court erred in convicting him despite Cook's alleged lack of credibility really raises a manifest-weight issue. See, e.g., *In re C.M.*, Montgomery App. No. 21363, 2006-Ohio-3741, ¶64 (noting that a manifest-weight argument obligates a reviewing court to consider the "believability of the evidence"). Accepting Cook's testimony as true, the record contains legally sufficient evidence to support Rybak's conviction. His first assignment

of error is overruled.

{¶ 11} Rybak's manifest-weight argument requires a more detailed analysis. After Cook testified as to her version of events, defense counsel cross examined her about the cause of her argument with Rybak. In response, she initially denied recalling why they had been arguing. When asked about telling police that the argument had stemmed from Rybak's "cheating," Cook denied that was the cause. When pressed further, she admitted knowing what had caused the argument but testified that "it's kind of embarrassing." Defense counsel then suggested Cook was not telling the whole truth. Shortly after her testimony, the trial court interrupted the proceedings and expressed concern that it had not "heard anything about who started this." Specifically, the trial court found Cook "not very credible" because she had "withheld testimony." The trial court indicated concern about "how in the hell this thing started[.]" (Trial transcript at 30).

{¶ 12} The trial court reiterated its concern minutes later, adding:

{¶ 13} "Here's my problem[.] * * * [W]e've got two people in a building. There's something occurs. There's some fight. He's at least at some point told the officers that —that it was—she was mad because he was sleeping around. She takes the stand. She leaves out certain credible testimony I think pertinent to what was going on. * * * [T]he question is do we have anything other than her statement as to what took place that proves who did what?

{¶ 14} "Because I don't have—I don't find her to be a credible witness. I just want to be honest with the prosecution.

{¶ 15} " * * *

{¶ 16} "* * * [B]ut, my point is I was not really impressed with her testimony and I

didn't find her to be a credible person because she didn't want to tell us what was going on because she decided she was going to leave it out because it was too embarrassing. Not too embarrassing for her to come in here in court, drag everybody in here and have us do a trial. But, it was too embarrassing for her to come in here and tell us what was going on with the case.

{¶ 17} "So, that 's my problem with where we're at, at this juncture of this situation. And, I don't know that there's anybody else that's going to come in and testify as—as to what took place. It's a he said, she said. And, we've got a witness who doesn't come to court ready to testify is my problem." (Id. at 33-34).

{¶ 18} Following the trial court's remarks, the prosecutor pointed out that the existence of a physical altercation was undisputed. Although Cook had been evasive about what had caused the incident, the prosecutor asserted that "the reason it occurred is not totally determinative of whether a domestic violence happened." (Id. at 35). The prosecutor also pointed out that Cook's claims about being bitten, choked, and hit were corroborated by an officer's testimony that he had observed a bite mark, redness around her neck, and a bruise on her chin. The trial court responded by acknowledging that the prosecutor may have made "a good point" and denied a Crim.R. 29 motion. (Id. at 35, 37). Rybak then took the stand. On cross examination, the prosecutor pointed out various improbabilities and inconsistencies in his own testimony. Thereafter, the trial court filed an entry in which it found Rybak guilty. In its ruling, the trial court found Cook's testimony credible and Rybak's testimony not credible.

{¶ 19} On appeal, Rybak contends his conviction is against the weight of the evidence because the trial court's journal entry, and later statements at sentencing, are inconsistent with

the remarks it made about Cook's lack of credibility at trial. We disagree for at least three reasons. First, a trial court speaks through its journal, not through oral remarks. *State v. Peterson* (July 7, 1995), Montgomery App. No. 14733. In its written entry, the trial court found Cook's testimony more credible than Rybak's. Second, the trial court orally had expressed concerns about Cook's credibility before hearing Rybak's own testimony. Having had the opportunity to review an audio-video recording of Rybak's trial, we agree with the trial court's written assessment that, on the whole, Rybak's testimony was less credible than Cook's. Third, the only evasiveness in Cook's testimony concerned what had prompted her argument with Rybak. As the prosecutor correctly noted, the cause of the argument was not particularly important. Regardless of why it started, the critical issue was whether Cook had acted in self defense to keep Rybak from assaulting her or whether she had attacked him with the piece of glass. The evidence does not weigh heavily against a finding that Cook provided the most credible testimony on that issue.

{¶ 20} Based on the reasoning set forth above, we overrule Rybak's two assignments of error and affirm the judgment of the Montgomery County Court, Area Two.

. . . . . . . . . . . .

FAIN and BROGAN, JJ., concur.

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Robert Coughlin
Jessica Moss
Hon. James D. Pergies